IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-03040-SKC

CAMILLA WILLIAMS,

    Plaintiff,
v.

ROSS STORES INC.,

    Defendant.

ORDER RE: MOTION TO REMAND (DKT. 9)

On August 25, 2021, Plaintiff Camilla Williams visited a Ross Department store and sustained injuries when she tripped and fell in an unmarked hole near the entrance of the store. Dkt. 3 at ¶¶5-7. Plaintiff brought a claim pursuant to the Colorado Premises Liability Act against Defendant Ross Stores Inc. in the district court for the City and County of Denver. Defendant removed the matter to this Court based on diversity jurisdiction, but Plaintiff contends remand is required because complete diversity does not exist. Dkt. 9. The Court has reviewed Plaintiff's Motion and the related briefing, the parties' exhibits, and the relevant law. For the following reasons, the Court grants the Motion and issues a separate Order to Show Cause why Defendant and its Counsel should not be sanctioned by this Court.

## ANALYSIS

Federal courts, as courts of limited jurisdiction, must have a statutory basis

1

for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). When a civil action filed in state court satisfies the requirements for original federal jurisdiction — federal question or diversity — the defendant may remove the action pursuant to 28 U.S.C. § 1441(a). *See Huffman v. Saul Holdings LP,* 194 F.3d 1072, 1076 (10th Cir. 1999) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court....") (quoting *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).

In light of the federal courts' "constitutional role as limited tribunals," there is a presumption against removal jurisdiction. *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). The defendant seeking removal bears the burden of establishing, by a preponderance of the evidence, that removal is proper. *McPhail v. Deere & Co.,* 529 F.3d 947, 953 (10th Cir. 2008); *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002).

Here, Defendant removed this case based on diversity jurisdiction, which requires the defendant to demonstrate all prerequisites of diversity jurisdiction are satisfied. Under 28 U.S.C. § 1332(a), a federal district court possesses original jurisdiction over a case when the parties are diverse in citizenship and the amount in

2

controversy exceeds $75,000.00. Diversity between the parties must be complete. *See Caterpillar Inc.*, 519 U.S. at 68; *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). Complete diversity is lacking when any of the plaintiffs has the same citizenship as even a single defendant.

In its Notice of Removal, Defendant states it is incorporated in Delaware and specifically bases its assertion of complete diversity on its Delaware citizenship. Dkt. 1 at ¶14. However, despite acknowledging that a corporation is a citizen of any State in which it has been incorporated *and* where it has its principal place of business, Defendant did not state the location of its principal place of business. *Id.* (citing 10. U.S.C. § 1332(c)). According to Plaintiff, Defendant's principal place of business is in California where she is also a citizen. Dkt. 13. To be sure, in Defendant's Exhibit H, attached to the Notice of Removal, the Colorado Secretary of State's records clearly indicate Defendant's principal location is in Newark, California. Dkt. 1-9.

In response, Defendant does not address any of Plaintiff's evidence suggesting its California citizenship and instead, for the first time, pivots to assert it is a citizen of New York. Specifically, Defendant cites *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), for the proposition that a company's principal location is where it maintains its "nerve center." Dkt. 12. In *Hertz*, the Supreme Court opined that "if a bulk of the company's business activities visible to the public take place in [State A], while its top officers direct those activities from [State B], the principal place of business is [State B]." *Hertz Corp. v. Friend*, 559 U.S. at 96. Based on this holding, Defendant attaches a

3

cursory affidavit attesting that its CEO works and makes corporate decisions from New York. The Court is not persuaded.

First, the Court observes that although Defendant's affiant purports to know where Defendant's CEO works, the affiant does not offer any other insights regarding the company's "nerve center," such as where (1) other executives and board of directors are located; (2) financial and policy decisions are made; (3) records are kept; or (4) its human resources department is located. *See Wall v. Colorado Farm Bureau Ins. Co.*, No. 23-cv-02097-NYW-KAS, 2023 WL 6464936, at *3 (D. Colo. Oct. 4, 2023) (discussing the variety of defendant's evidence, including an affidavit from the CEO, establishing the location of its nerve center). Nor is it clear that this affiant, a senior corporate claims manager, would be knowledgeable or qualified to make such attestations on Defendant's behalf.

By stark contrast, when removing cases to federal court in other jurisdictions, Defendant has repeatedly made judicial admissions that it is a California citizen. *See* Dkts. 13-1 – 13-5, Dkts. 13-7 – 13-9.[1]  And as Plaintiff notes, these representations occurred before *and after* the New York-based CEO was allegedly appointed. *Id.* In addition, despite the CEO's purported location in New York, Defendant's Chief Operating Officer has his principal place of employment in California. *See* Dkt. 13 at

---

[1] The Court has taken judicial notice of the dockets in each of the federal removal actions and has confirmed that in each, Ross affirmatively stated its principal place of business to be in California. The case referenced at Dkt. 13-6 was originally filed by the Plaintiff in the District Court for the Southern District of Texas.

4

p.7 (citing SEC filing of employment contract). Plaintiff also attaches a record of Defendant's SEC filings which show Defendant's repeated declaration of California as its principal place of business. Dkt. 13-10. While these SEC records might be insufficient on their own, *Hertz Corp.*, 559 U.S. at 97, taken in conjunction with Defendant's judicial admissions in other removal actions, the employment base for its Chief Operating Officer, and its representations to the Colorado Secretary of State, it is clear Defendant's principal place of business is in California.

*   *   *

As shared above, it is clear both Plaintiff and Defendant are citizens of California, and therefore, the Court concludes that complete diversity does not exist. Plaintiff's Motion is GRANTED. In addition, the Court awards Plaintiff her fees and costs pursuant to 28 U.S.C. § 1447(c). On or before the close of business on February 20, 2024, Plaintiff shall submit an affidavit supporting her "costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED this case shall be remanded to the District Court for the City and County of Denver, Colorado, where it was assigned case number 2023CV32348.

IT IS FURTHER ORDERED this Court shall retain jurisdiction for the limited purposes of finalizing Plaintiff's award of fees and costs and to consider whether an imposition of sanctions is warranted pursuant to Federal Rule of Civil Procedure 11,

28 U.S.C. § 1927, or the Court's inherent authority to sanction the conduct of the attorneys and parties who appear before it. The Court issues a separate Order to Show Cause simultaneously with this Order.

Dated: February 8, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge